IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMENAK CHAMLIKYAN, et al.,<br><br>    Plaintiff,<br><br>v.<br><br>EMILIA BARDINI, et al.,<br><br>    Defendant. | No. C 10-268 CRB<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |

Plaintiffs bring this action against the federal government ("Defendants") contesting the decision of the United States Citizenship and Immigration Services ("USCIS") to terminate their asylum status. Plaintiffs seek declaratory relief, injunctive relief, and attorney's fees.

Now before the Court is Defendants' motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim for which relief can be granted. Because this is a court of proper jurisdiction and Plaintiffs have stated a claim for which relief can be granted, Defendants' motion is DENIED.

**Background**

As this case comes before this Court on a motion to dismiss, the following recitation of facts is taken entirely from the allegations in the Complaint.

Plaintiff Armenak Chamlikyan is a citizen of Armenia. Compl. ¶ 4. On July 10, 1995,

1  the Director of the San Francisco Asylum Office, United States Department of Justice, and
2  Immigration and Naturalization Service ("INS") granted Plaintiff asylum in the United
3  States. Id.
4     Five years later, on July 9, 1999, Plaintiff petitioned the INS to accord his wife and
5  children derivative asylum. Id. at 5. That petition was grated on November 10, 1999. Id.
6     On October 25, 2007, eight years after the derivative asylum forms were approved,
7  the USCIS sent to Plaintiff a Notice of Intent to Terminate Asylum Status ("NOIT"),
8  informing him that his asylum application could be terminated pursuant to 8 C.F.R. §
9  208.24(a)(1). Id. ¶ 6. The NOIT states in relevant part:

> [U]CIS has obtained evidence that indicates fraud in your application for asylum filed on November 14, 1994, such that you were not eligible for asylum at the time it was granted: while you testified on July 6, 1995, that you had no contact or knowledge of your wife's and younger daughter's whereabouts since being attacked by anti-Armenian extremists in Azerbaijan in January 1989, you subsequently filed for adjustment of status listing your son, Armayis Chamlikian, who was born in the United States on May 15, 1994, indicating that you had contact with your wife as late as mid-1993.

Id.

15     In the NOIT, the USCIS also informed Plaintiff that a termination interview would be
16  held at least 30 days after the above NOIT, at which time Plaintiff would have "the
17  opportunity to respond to [the] adverse information." Id.
18     On November 24, 2009, Plaintiff appeared at the termination interview, where he
19  moved the USCIS to terminate the termination proceedings because (1) the "reasons" given
20  in the NOIT did not support a finding that Plaintiffs' statuses were subject to termination,
21  and (2) a lack of notice in the NOIT deprived Plaintiffs of a reasonable opportunity to present
22  exculpatory evidence. Id. ¶ 7. Despite the alleged legal deficiencies with respect to the NOIT,
23  the USCIS did not terminate Plaintiff's asylum termination proceedings, nor did it reissue or
24  otherwise amend the NOIT. Id. ¶ 9. Furthermore, at the termination interview, Plaintiff was
25  prohibited from examining the "report" that described the purported fraudulent conduct. Id.
26  Plaintiff was also denied a description as to the contents of the report. Id.
27     On November 25, 2009, the day after the interview, USCIS terminated Plaintiff's
28  asylum status as well as the status of his dependents. Id. ¶ 10. The Notice of Termination of

2

1 Asylum Status issued on December 8, 2009, stated that Plaintiff lied on his asylum
2 application and that his reason for telling the lie was not reasonable. Id. It went on to state
3 that Plaintiff may reassert "an asylum claim . . . in subsequent removal proceedings before an
4 immigration judge . . . and that any work authorization that Plaintiff received based upon the
5 asylum approval cannot be renewed beyond its scheduled expiration date and is subject to
6 revocation . . ." Id.

7 On December 8, 2009, the USCIS issued Notice to Appear forms against Plaintiff, and
8 commenced proceedings to remove Plaintiffs from the United States. Id. ¶ 12.

9 The thrust of Plaintiffs' complaint against Defendants is that USCIS unlawfully
10 terminated their asylum statuses by refusing to disclose the evidence of alleged fraud on
11 which the government was relying. Id. ¶ 14. According to Plaintiffs, in refusing to disclose
12 this evidence, the government violated their rights to due process. Id. Plaintiffs also assert
13 that Defendants violated 8 C.F.R. § 208.24(c) by failing to comply with its notice
14 requirements in the NOIT and by failing to include the "reasons" as to why Plaintiffs' asylum
15 statuses were terminated. Id.

16 Pursuant to § 706(2) of the Administrative Procedure Act ("APA"), a reviewing court
17 may hold unlawful and set aside final agency action found to be, e.g, arbitrary, capricious, an
18 abuse of discretion, or otherwise not in accordance with law; in excess of statutory
19 jurisdiction; or without observance of procedure required by law.

**Discussion**

21 The government presents two arguments in this pending motion. First, it asserts that
22 this Court lacks subject matter jurisdiction over the instant case because (1) jurisdiction in
23 this matter is vested with an immigration judge and (2) Plaintiffs have failed to exhaust their
24 administrative remedies. Second, Defendants contend that, even if there is subject matter
25 jurisdiction, Plaintiffs due process claims should be dismissed for failure to state a claim.
26 Each argument is addressed below.

3

### 1.     Legal Standard

Under Rule 12(b)(1), a party may move to dismiss a claim for lack of subject matter jurisdiction. Plaintiff bears the burden of showing that subject matter jurisdiction is proper. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A motion will be granted if the face of the complaint fails to allege facts sufficient to establish subject matter jurisdiction. Savage v. Glendale Union High School, 343 F.3d 1036, 1039 (9th Cir. 2003). All material allegations in the complaint are assumed true. Thornhill Publishing Co. v. General Telephone Electronics, 594 F.2d 730, 733 (9th Cir. 1979). The question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. Id.

Under Rule 12(b)(6), a party may move to dismiss a cause of action which fails to state a claim upon which relief can be granted. On a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Wyler-Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998). To survive a Rule 12(b)(6) motion to dismiss, the complaint must state a claim to relief that is "plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the pleaded factual allegations "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Moreover, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Despite the requirement that factual allegations in the complaint be taken as true, a legal conclusion "couched as a factual allegation" need not be accepted. Id.

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleadings was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect "without contradicting any of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted. Id. at 296-97.

2.	Subject Matter Jurisdiction

Defendants contend that this Court lacks jurisdiction because, upon initiation of a removal proceeding, jurisdiction vests with an immigration judge. See 8 U.S.C. § 1252(g). According to Plaintiffs, their claims do not implicate § 1252(g) because the Complaint does not challenge the removal proceeding. Instead, the Complaint asks this Court to enjoin the USCIS from enforcing the NOIT, which is relief that is separate and independent of removal proceedings subject to jurisdiction under § 1252(g). Compl. ¶ 7.

Courts in this District have addressed this very issue and have arrived at the same conclusion as Plaintiffs: The termination-of-status proceeding and a removal proceeding are separate and independent proceedings. See Singh v. Bardini, No. C-09-3382, 2010 WL 308807, *5 (N.D. Cal. Jan. 19, 2010). In support of this conclusion, Singh looked at the INA and its implementing regulations. 8 C.F.R. § 208.24(e) provides that, "[w]hen an alien's asylum status . . . is terminated . . . , the [USCIS] shall initiate removal proceedings, as appropriate, if the alien is not already in exclusion, deportation, or removal proceedings." 8 C.F.R. § 208.24(e). The court found that "the use of the phrase 'as appropriate' in § 208.24(e) suggests that there may be circumstances where an action to remove an alien does not follow necessarily from the termination of the alien's asylum status." Singh, 2010 WL 308807 at *5. Furthermore, the court found it significant that termination of asylum status and removal are addressed by different sets of regulations. Id.; compare 8 C.F.R § 208 et seq. (termination of asylum status), with 8 C.F.R. § 239 et seq. (removal).

Accordingly, Plaintiffs' argument prevails. The termination of status proceeding is separate and independent of a removal proceeding. Because Plaintiffs challenge only the former and not the latter, there is no jurisdictional bar to this Court's consideration of this case. As the court in Singh stated, "a decision to revoke an alien's asylum status is [not] an action taken or proceeding brought to remove an alien from the Untied States, as is required to bring a challenge to that decision within the scope of section 1252(b)(9)'s jurisdictional bar." Singh, 2005 WL 2043044 at *3.

5

1  Defendants argue that even if § 1252(g) does not act as a jurisdictional bar, this Court
2 lacks subject matter jurisdiction because Plaintiffs have not exhausted their administrative
3 remedies. See APA § 704 (exhaustion of administrative remedies is required where it
4 expressly required by regulation); see also 8 U.S.C. § 1252(d) (aliens in removal proceedings
5 must exhaust administrative remedies before seeking judicial review of a final order of
6 removal).

7  Plaintiffs correctly point out that § 1252(d) is inapposite to the instant case. § 1252(d)
8 limits judicial review to "final order[s] of removal." Plaintiffs' Complaint seeks review of a
9 USCIS order terminating their asylum status, not a "final order of removal." Thus, this issue
10 is governed by APA § 706(2), which provides for judicial review of "final agency action."

11  Courts in this District have held that termination of one's asylum status constitutes a
12 final agency action. See Sidhu v. Bardini, No. C-08-05350 CW, 2009 WL 1626381 (N.D.
13 Cal. June 10, 2009). "One factor weighing in favor of [this] finding is the fact that neither the
14 INA nor its implementing regulations give [a plaintiff] a right to appeal USCIS's decision to
15 terminate their asylum status." Id. at *4. "Another factor in favor of finding final agency
16 action is the fact that USCIS's decision has a direct and immediate effects on Plaintiff's
17 day-to-day life. As a result of having their asylum status terminated, Plaintiff's have lost their
18 legal right to live and work in the United States, as well as their right to travel in and out of
19 the United States." Id. at *5.

20  In the instant case, upon termination of Plaintiffs' asylum status, they have not been
21 able to legally work. Hence, as in Singh, the termination-of-status proceeding here–in and of
22 itself–has legal and practical consequences.

23  Defendants argue that their position is supported by the decision in Gill v. Bardini,
24 No. C-08-05190, 2010 WL 761307 (N.D. Cal. March 3, 2010). Defendants' reliance on Gill
25 is unpersuasive. A permanent resident who has had his asylum status terminated–the case in
26 Gill–is in a materially different position than Plaintiffs, who have not been admitted for
27 permanent residence. For the former, the termination does not work an immediate
28 deprivation independent of a subsequent removal proceeding because his resident status

6

allowed him to continue to work and travel abroad while his removal process was pending. Here, in contrast, Plaintiffs have suffered an immediate and independent deprivation because they are unable to work.

In light of the foregoing, Defendants' motion to dismiss for lack of subject matter jurisdiction is DENIED.

3.     Failure to State a Claim

Defendants contend that "no properly named Defendant has authority" to rescind the NOIT because jurisdiction is vested with the immigration court. Consequently, an order enjoining the USCIS to rescind the NOIT would be ultra vires. This argument is not persuasive. As discussed above, USCIS's decision to terminate Plaintiffs' asylum status is a final administrative decision that is separate and independent of the removal hearing. Judicial review of the USCIS decision is appropriate under APA § 706(2), which provides for judicial review of final agency decisions.

Defendants next argue that Plaintiffs have failed to state a due process claim because they have failed to identify a protected liberty or property interest. The thrust of Defendants' argument is based on 8 U.S.C. § 1158(c)(2), which provides that a grant of asylum "does not convey a right to reside permanently in the United States" and may be terminated if the Secretary finds that an asylee meets any of the conditions set forth in sections 1158(c)(2)(A)-(E). This District has already addressed this issue and found that the termination of asylum status does in fact implicate liberty or property interests. As the court in Singh stated, "[e]ven if there is no constitutional right to be granted asylum, that does not necessarily mean that, once granted, asylum status can be taken away without any due process violation." Singh, 2010 WL 308807 at *7 (internal citations omitted).

Defendants argue still that, even if there were a protected interest, as a matter of law, Plaintiffs are being given all the process that they are due because as part of the removal proceeding they will have the opportunity to reapply for asylum and establish eligibility for asylum status. In the analogous case, Singh, the court addressed this argument and held that it "[could] not say at this juncture in the proceedings that, as a matter of law, the [Plaintiffs']

7

were given all the process that they were due under the facts of the instant as-applied challenge." Id. Here, like in Singh, more facts are required in order to determine what process is due, and such factual determinations cannot be made on a motion to dismiss. See id.

Finally, Defendants move to dismiss Plaintiffs' laches claim because they have failed to show unreasonable dely and prejudice, which is required to establish a laches claim. See Telink, Inc. v. United States, 24 F.3d 42, 45 (9th Cir. 1994). Since these are factual determinations, it would be improper to grant Defendants' motion until more facts come to light.

Based on the foregoing, Defendants' motions to dismiss for failure to state a claim is DENIED.

**IT IS SO ORDERED.**

Dated: September 1, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE